## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| REALPAGE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-251 |
| | § | |
| EPS, INC., | § | |
|     Defendant. | § | |

### ORDER DENYING PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS

Before the court are the following:

1. Defendant EPS, Inc.'s Bill of Costs (de # 66);
2. Plaintiff Realpage, Inc.'s Objection to EPS, Inc.'s Bill of Costs (de # 67); and
3. Defendant EPS, Inc.'s Response to Plaintiff's Objection to EPS, Inc.'s Bill of Costs (de # 68).

Having considered Realpage's Objection and the briefing responsive thereto, the court is of the opinion that the Objection should be DENIED.

On September 4, 2007, the court signed an order denying Realpage's Motion for Partial Summary Judgment and granting EPS's Motion for Summary Judgment. In the Final Judgment, signed the same day, the court awarded costs of this lawsuit to EPS. On September 25, 2007, EPS submitted its Bill of Costs, seeking $18,522.30. Realpage responded on September 27, 2007 by objecting to $1,749.61 in witness fees incurred in connection with the deposition of Fred Hutchins, who traveled to Fort Worth from Vermont for his deposition. The costs associated with the Hutchins deposition were as follows:

| | |
|---|---|
| Witness fee (3 days at $40/day) | $120.00 |
| Airfare | $1,179.61 |
| Taxi to and from airport | $100.00 |
| Hotel (2 nights) | $240.00 |
| Food | $110.00 |
| TOTAL | $1,749.61 |

In objecting solely to the costs connected with the Hutchins deposition, Realpage simply makes the conclusory statement that the above fees are not taxable to Realpage pursuant to 28 U.S.C. § 1920. Realpage cites no authority or evidence for its position, and it does not itemize its objection. Rather, Realpage objects to the entire amount of witness fees claimed for the deposition of Hutchins.

Section 1920 empowers the district courts to tax costs for a number of expenses generally incurred as a part of litigation, including "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3) (2006). Section 1821 enumerates certain per diem allowances. That section contemplates those expenses incurred in connection with any witness whose testimony is given "before any person authorized to take his deposition pursuant to any rule or order of a court of the United States." 42 U.S.C. § 1821(a)(1) (2006).

Subsection (b) provides for the compensation of witnesses in the amount of $40 per day. Because Hutchins spent 3 days traveling to and from and giving his deposition, $120 as his witness fee is statutorily acceptable. Subsection (c)(1) allows for the taxation of actual expenses of travel by common carrier. Realpage has not argued that Hutchins' airfare was unreasonable or that the amount submitted was fabricated. The court thus finds that Hutchins' airfare is a proper element of EPS's Bill of Costs. *See United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005). Subsection (c)(3) authorizes the taxation of taxicab fares between the airport and the witness' hotel. The court finds that $100 for Hutchins' taxi fares to and from his hotel in Fort Worth is a proper claim in EPS's Bill of Costs. Subsection (d)(3) requires the General Services Administration (GSA) to set subsistence allowances in locales throughout the country that vary with the cost of living in each market. Hutchins' lodging and food expenses during his stay in Fort Worth exceeded the maximum allowed by the GSA. However, in its Bill of Costs, EPS only claimed the maximum allowed by the GSA, leaving the excess to be paid by some other source. (Bill of Costs

2; Def.'s Resp. Ex. B.)  Therefore, the court finds these elements of EPS's Bill of Costs to be acceptable under the law.

Based on the foregoing, the court is of the opinion that Realpage Inc.'s Objection should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 18th day of March, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE